# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM,<br><br>Plaintiffs,<br><br>v.<br><br>FTX TRADING, LTD., *et al.*[2]<br><br>Defendants. | Adv. Pro. No. 22-50514 (JTD)<br><br><br><br>Hearing Date:  March 8, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: February 24, 2023 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER
## EXTENDING TIME TO RESPOND TO THE COMPLAINT

Defendants FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtor Defendants" or "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 7012-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to extend by 90 days through and including May 11, 2023 the time for the Debtor

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Each of the Debtors in these Chapter 11 Cases is named as a Defendant in this Complaint. A list of the Debtor-Defendants subject to the Complaint is listed in Exhibit A of the Complaint [Adv. D.I. 1].

{1368.002-W0069996.}

Defendants to answer, move or otherwise respond to the *Complaint for Declaratory Judgment* [Adv. D.I. 1] (the "Complaint") filed by the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee" or "Plaintiffs"). In support of the Motion, the Debtor Defendants respectfully state as follows:

## BACKGROUND

### A.    The Debtors and Their Chapter 11 Cases

1.    On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.    Certain facts supporting this Motion are set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray First Day Declaration"), the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations"), and the testimony of John J. Ray III at the hearing held before the Court in the main bankruptcy proceedings on February 6, 2023 (the "Ray Testimony").[4]

---

[3]    November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

[4]    Transcript of Hearing held on February 6, 2023 in *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (the "Feb. 6

3. The Debtors' new independent board of directors and management team, led by Mr. Ray as Chief Executive Officer and Chief Restructuring Officer of each of the Debtors, along with the Debtors' advisors, have been working tirelessly since the Petition Date. Material progress has been made with respect to each of the five core objectives of the Chapter 11 Cases set forth in the Ray First Day Declaration: (a) Implementation of Controls; (b) Asset Protection & Recovery; (c) Transparency and Investigation; (d) Efficiency and Coordination; and (e) Maximization of Value (the "Core Objectives"). The Debtors have substantial investigations well underway in respect of each objective. (*See Notice of Presentation to the Official Committee of Unsecured Creditors* [D.I. 507].)

4. Following the appointment of the Committee, the Debtors have worked to bring the Committee up to speed and to assist their review of documents and information. (*See* Ray Testimony, Feb. 6 Hr'g Tr. at 56:18-57:16.) The Debtors regularly discuss information and issues with the Committee and its advisors, including with respect to important issues concerning customer entitlements.

5. The Debtors have dedicated substantial resources to cooperating with the enormous number of requests for information and cooperation with federal and state government agencies in the United States and around the world. (*See* Ray Testimony, Feb. 6 Hr'g Tr. at 53:17-56:14.) Furthermore, the Debtors are continually working to comply with their chapter 11 disclosure and reporting obligations, with their schedules of assets and liabilities and statements of financial affairs ("SOFAs and Schedules") currently due on March 15, 2023.[5]

---

Hr'g Tr."), a copy of which is attached hereto as Exhibit B.

[5] *See Order Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports* [D.I. 469].

## B. The Ad Hoc Committee's Complaint and the Issues Raised

6. Six weeks into these Chapter 11 Cases, on December 28, 2022, the Ad Hoc Committee filed the Complaint, commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). On December, 29, 2022, Plaintiffs served the Debtor Defendants with the Complaint.

7. The current membership of the Ad Hoc Committee Plaintiffs and claims they hold are unknown to the Court and the Debtor Defendants.[6] Although the Ad Hoc Committee alleges it "comprises 15 members representing approximately $1.9 billion in aggregate claims" (Compl. ¶ 15), it has not identified its members or their specific disclosable economic interests as required by Bankruptcy Rule 2019.[7]

8. Through their Complaint, the unidentified purported customers of FTX.com seek a "declaration that assets customers deposited, held, received, or acquired on the FTX.com platform are customer property and not property of the Debtors' estates." (Compl. ¶ 1.) Plaintiffs further contend that customers of FTX.com retained title to digital assets purchased on the FTX.com platform pursuant to the FTX.com Terms of Service. (*Id.* ¶ 2.) In short, Plaintiffs seek a declaration from this Court—less than three months into these Chapter 11 Cases—that billions of dollars' worth of assets belong to specific, unidentified customers of FTX.com, rather than to

---

[6] On January 10, 2023, counsel for the Ad Hoc Committee provided a draft Rule 2019 statement to counsel for the Debtor Defendants on a Professional Eyes' Only basis. No final version was ever provided, nor has the Professional Eyes' Only designation been lifted.

[7] Under Bankruptcy Rule 2019(b), in a Chapter 11 case, "a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents . . . multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another." *See also In re Washington Mut., Inc.*, 419 B.R. 271, 275 (Bankr. D. Del. 2009). Among other things, the verified statement must disclose the name and address of each member of the committee. *See* Rule 2019(c). The Ad Hoc Committee has yet to file such a statement with the Court.

the estate of FTX Trading Ltd. to be monetized for the benefit of all of its customers. (*Id.* ¶¶ 54-70.)

9. The Debtors take seriously the importance of the question of customer entitlements. The legal, equitable and financial issues raised at FTX.com are extremely complex, unprecedented, and involve foreign laws and multiple jurisdictions around the world. These issues are also closely related to the disclosure of forthcoming information—including SOFAs and Schedules, the plan formation process, and the Debtors' on-going discussions with the Committee and other creditors and stakeholders. The FTX Debtors are currently analyzing numerous legal and factual issues relating to how funds were held, used or commingled, and various intercompany and account transactions that are relevant to the customer property claims raised in the Complaint. Thus, to prematurely race into litigation would be unwise.

10. Accordingly, given the current stage of the Debtors' Chapter 11 Cases, along with the importance of the issues raised by the Complaint, the Debtor Defendants requested additional time to respond to the Complaint. Plaintiffs would only agree to extend the response date by eleven days, to February 10, 2023. On January 31, 2023, the parties filed a stipulation reflecting the extended response date of February 10, 2023 [Adv. D.I. 4]. This Motion and assistance from the Court thus became necessary.

## **JURISDICTION**

11. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Bankruptcy Rule 9006 and Local Rule 7012-2. In accordance with Local Rule 9013-1(f), the Debtor Defendants consent to the entry of

a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

12. Pursuant to Bankruptcy Rule 9006(b) and Local Rule 7012-2, the Debtor Defendants request that the Court extend by 90 days through and including May 11, 2023 the time for the Debtor Defendants to answer, move or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012, and enter the Order, substantially in the form of Exhibit A attached hereto.

## BASIS FOR RELIEF

13. This Court has discretion under Rule 9006(b) to extend deadlines unless otherwise prohibited by the Bankruptcy Rules. *See Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993) ("The time-computation and time-extension provisions of Rule 9006 . . . are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted"). Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period . . . as extended by a previous order." Here, the Debtor Defendants are filing this request before the expiration of their time to respond on February 10, 2023 [*see* Adv. D.I. 4], in accordance with Local Rule 7012-2.[8]

14. There is good cause to extend the Debtor Defendants' time to respond to the Complaint. As an initial matter, the Debtor Defendants should not be required to respond to

---

[8] Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed" then "the time shall automatically be extended until the Court acts on the motion."

the Complaint—and the Ad Hoc Committee should not be heard by the Court—until it makes the disclosures required by Bankruptcy Rule 2019.

15. The First Day Declarations and the Ray Testimony make clear to all stakeholders and the Court the depth of the issues faced by the Debtor Defendants, and the enormous progress that Mr. Ray and his team have made with respect to the Core Objectives as a result of around-the-clock efforts. The Debtor Defendants should be afforded time to continue the efforts to secure and recover assets, investigate and develop the factual record, and ensure the Debtor Defendants are maximizing the value of their estates without being forced to immediately begin litigation of customer claims issues.

16. To be clear, the Debtor Defendants and the Committee are carefully considering the legal and factual issues raised in the Complaint and more broadly with respect to customer property rights. But the issues raised by the Plaintiffs impact not only them, but potentially the Debtor Defendants' millions of creditors. As a result, it is critical that the issues with respect to customer interests in property be addressed comprehensively before the Court in an organized and efficient manner that avoids piecemeal and serial litigation.[9] The Debtor Defendants are discussing these matters with counsel for the Committee, along with the Ad Hoc Committee and other stakeholders.

17. The Plaintiffs filed the Complaint commencing this Adversary Proceeding just 47 days into these Chapter 11 Cases. There is no reason that the Debtor Defendants should be required to prematurely respond to the Complaint simply because it was filed early. The Debtor Defendants are discovering new facts and conducting additional analysis every day, and submit

---

[9] A separate complaint seeking declaratory relief and raising similar issues was filed by a group of plaintiffs as purported class representatives of customers of the Debtors. *See* Complaint, *Onusz* v. *West Realm Shires, Inc.*, Adv. Pro. No. 22-50513 (JTD). The plaintiffs in that case have agreed to an extension of the Debtors' time to respond in that adversary proceeding.

that all stakeholders will benefit from additional time before they are required to take a position in litigation on the claims asserted in the Complaint. The Debtor Defendants requested a reasonable extension of time to permit the Debtor Defendants' work on the Core Objectives to continue unimpeded, and to permit the Debtor Defendants' to be in a better position to substantively advance the issues raised in the Complaint.

## NOTICE

18. Notice of this Motion has been provided to: (a) counsel to the Ad Hoc Committee; (b) the U.S. Trustee; (c) counsel to the Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor Defendants submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor Defendants respectfully request that the Court (a) enter the Order, substantially in the form of Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 10, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |